10-966-cv
SEC v. Suman

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand eleven.

PRESENT:
      JOSEPH M. McLAUGHLIN,
      GUIDO CALABRESI,
      PETER W. HALL,
            *Circuit Judges*.

———————————————————————

United States Securities and Exchange Commission,

      *Plaintiff-Appellee*,

            v.                                                      10-966-cv

Shane Bashir Suman, Monie Rahman,

      *Defendants-Appellants*,

———————————————————————

FOR APPELLANTS:          Shane Bashir Suman, Monie Rahman, *pro se*,
                         Toronto, Canada.

FOR APPELLEE:            David M. Becker, Mark D. Cahn, Jacob H. Stillman,
                         Christopher Paik, Securities and Exchange Commission,
                         Washington, D.C.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellants Shane Bashir Suman and Monie Rahman, proceeding *pro se*, appeal the district court's judgment granting the Securities and Exchange Commission's summary judgment motion in its insider trading action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* an order granting summary judgment and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the district court in its thorough and well-reasoned decision. Whatever force Appellants' defense, proffered in Suman's affidavit, might have had, its last-minute arrival at the courthouse, coupled with their prior refusal to submit to depositions, renders it too weak to generate a genuine issue of material fact in light of the overwhelming and undisputed evidence against

them.  Additionally, Appellants did not raise any meaningful or substantive challenges to the

expert report prepared by Steven L. Rogers.

We have considered Appellants' other arguments on appeal and have found them to be

without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.


                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk